IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KAINE KALAMA

    Plaintiff,

v.                        CIVIL NO.: WDQ-05-2769

STATE OF MARYLAND,
et al

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

Kaine Kalama sued her former employer, the State of Maryland, Department of Health & Mental Hygiene (the "Department"), Leona Spencer, and Margaret Stagg for violations of Title VII of the Civil Rights Act of 1964 ("Title VII")[1], Section 1983 of Title 42 of the United States Code("Section 1983")[2], the Maryland Declaration of Rights[3], Article 49B of the Maryland Code[4], and Maryland wrongful discharge, negligence and breach of contract claims. Pending is the Defendants' motion to dismiss for failure to state a claim. For the following reasons, the Defendants' motion to dismiss will be granted in part and denied in part.

---

[1] 42 U.S.C. §§ 2000e *et seq.* (2006).

[2] 42 U.S.C. §1983 (2006).

[3] MD. DEC. OF R. ART. 24 (2006).

[4] MD. ANN. CODE art. 49B §14 *et seq.* (2006).

1

I.   BACKGROUND[5]

From September 2001 through February 2004, Kalama, a Nigerian female, worked with the Maryland Department of Health & Mental Hygiene (the "Department") as a contractual employee[6]. *See* Complaint at ¶7.  During her employment, Kalama was treated differently than the Caucasian and African-American employees with respect to training, workload, discipline, and wages.  *See id.* at ¶¶9,14,15,20,27,30. Kalama was also verbally abused and insulted by her supervisors, Margaret Stagg and Leona Spencer. *See id.* at ¶39. Kalama repeatedly protested against this treatment. *See id.* at ¶¶ 10,23.  As a result, the Department denied her further training opportunities. *See id.* at ¶ 24.

In February 2004, Kalama was terminated for violations of the Department's policies. *See id.* at ¶14.  Although this was the "official" reason for her termination, Kalama alleges that she was terminated because of her protests.  *See id.* at ¶ 23. In support, Kalama claims that the Department retained other employees who committed more serious violations. *See id.* at ¶14.

Kalama filed a discrimination and retaliation claim with the Equal Employment Opportunity Commission ("EEOC").  *See id.* at

---

[5]All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories*, *Inc. v. Raj Matkari*, et. al., 7 F.3d 1130, 1134 (4th Cir. 1993).

[6]A contractual employee is an individual who, under an agreement, provides temporary personal services to the State. *See* MD. CODE ANN., STATE PERS. & PENS. §13-101 (2006).

¶6. On May 11, 2005, the EEOC issued Kalama a right to sue letter. *See id.* On October 6, 2005, Kalama initiated this action.

## II. LEGAL DISCUSSION

A.     Motion to Dismiss

    1.     Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action. *Id*.

    2.     Title VII--Race and National Origin Discrimination

Kalama contends that she was discriminated against based upon her race and national origin. Specifically, she alleges that

she was treated differently than other employees in discipline, workload, and training opportunities.

Title VII provides that it "shall be an unlawful employment practice for an employer... to discriminate against any individual with respect to her....terms, conditions, or privileges of employment, because of such individual's race or national origin...." 42 U.S.C. § 2000e-2(a).

To state a Title VII disparate treatment claim, Kalama must allege that:(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the adverse employment action occurred "under circumstances which give rise to an inference of discrimination". *E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001).

Disparate treatment occurs when an employer treats certain people less favorably than others on the basis of a protected classification such as race or national origin. *See Carter v. Ball*,. 33 F.3d 450, 456 (4th Cir. 1994).

(A)  Discipline

Kalama alleges that the Department unfairly enforced its disciplinary practices.  She claims that the Department terminated her, but retained other employees for allegedly committing similar offenses.   The Department counters that her claim must be dismissed. Specifically, the Department argues that unless the Plaintiff was replaced by someone outside the protected class, an inference of discrimination would not arise.  The Department's

4

argument, however, is wrong.  In disparate treatment actions, an inference of discrimination arises when similarly situated individuals outside of the protected class are treated differently. *See Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1992).

Here, the Plaintiff alleges that the Department did not terminate similarly situated African-American and Caucasian employees.  The Plaintiff, therefore, has sufficiently alleged a disparate treatment claim.  *See Ingram v. Giant Food, Inc.*, 187 F. Supp. 2d 512 (D. Md. 2002) (plaintiff must allege that the disciplinary measures enforced against him were more severe than those enforced against other employees).

(B)  Workload

Kalama alleges that the Department unfairly increased her workload by assigning her more work than African-American and Caucasian employees.  The Department contends that this claim must be dismissed because an increased workload does not constitute an adverse employment action.

An adverse employment action is one which adversely affects the terms, conditions or benefits of the plaintiff's employment.  *See Munday v. Waste Management of N. Am., Inc.*, 126 F.3d 239, 243 (4th Cir. 1997), *cert. denied*, 522 U.S. 1116 (1998). To be "adverse," an employment action must do more than merely make an employee unhappy, but it need not always involve termination or even a decrease in benefits or pay.  *Boone v. Goldin*, 178 F.3d 253,

5

256 (4th Cir. 1999).  A change in an employee's duties may constitute an adverse employment action if the change had some "significant detrimental effect" on the employee. *Id*.  As Kalama has alleged that the increased workload negatively altered her working conditions, she has sufficiently alleged an adverse employment action.

(C)  Training

Kalama alleges that she was denied training opportunities provided to similarly situated African-American and Caucasian employees.  As a result, she contends that she was denied opportunities for advancement.  A denial of training is a Title VII violation if it adversely affects a term, condition or benefit of employment. *See Boyd v. Gutierrez*, Civ No. D.C. 2004-1535, 2005 U.S. Dist. LEXIS 23770, at *16(D.Md. Oct. 17, 2005). Kalama has, therefore, sufficiently alleged a Title VII claim.

3.   Title VII--Wage Discrimination

To establish a prima facie case of Title VII wage discrimination, a plaintiff must demonstrate that she is a member of a protected class and that the job she occupied was similar to higher paying jobs occupied by individuals outside the protected class. *See Brickle-Ob. v. Hughes Training, Inc.*, 36 F.3d 336, 343 (4th Cir. 1994).

The Department contends that this claim must be dismissed because Kalama has failed to specify the duties performed

by higher paid African-American and Caucasian employees.

To survive a motion to dismiss, Kalama need not provide all the facts surrounding her claims. *Coney v. Gibson*, 355 U.S. 41, 47 (1957). Instead, she simply must allege a short and plain statement of the claim that contains enough facts for the Court to infer each element of her cause of action. *See* FED. R. CIV. P. 8(a)(2). As Kalama alleges that she performed similar duties as higher paid employees, she has sufficiently stated a wage discrimination claim.

### 4. Title VII--Retaliation

The elements of a retaliation claim are: (1) engagement in a protected activity; (2) adverse employment action by the employer; and (3) a causal connection between the protected activity and the asserted adverse action. *Von Gunmen v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001). Here, Kalama alleges that after her repeated protests against discrimination, she was denied training and terminated. The Department argues that Kalama's retaliation claim should be dismissed because her allegations are "conclusory". *See Long v. First Union Corp. of Va.*, 894 F.Supp. 933 (E.D. Va.), *aff'd*, 86 F.3d 1151 (1995) (conclusory allegations of discrimination are insufficient to support Title VII claim). However, *Long* was decided upon summary judgment. Kalama's allegations are sufficient to withstand a motion to dismiss. *Finnegan v. Dep't of Pub. Safety & Corr. Servs.*, 184 F. Supp. 2d 457, 463 (allegations that defendant retaliated against plaintiff because of her protected activity were

sufficient at motion to dismiss stage).

     5.   Title VII--Hostile Work Environment

The elements of a hostile work environment claim are as follows: (1) that the employee was harassed because of her protected class; (2) that the harassment was unwelcome; (3) that the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) that some basis exists for imputing liability to the employer. *Hartsell v. Duplex Prods., Inc.*, 123 F,3d 766, 772 (4th Cir. 1997).

Plaintiff's hostile work environment claim fails because she is unable to establish the third element. Several factors are considered when determining the severity and pervasiveness of harassment: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating or a mere offensive utterance; and (4) whether it unreasonably interferes with the employee's work performance." *Smith v. First Union Nat. Bank*, 202 F.3d 234, 242 (4th Cir. 2000) (*citing Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).  Title VII does not provide a remedy for every instance of verbal or physical harassment in the workplace." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 183 (4th Cir. 1998).

Kalama merely alleges that she was "verbally abused and insulted."  She does not allege any facts suggesting that this conduct was physically threatening or unreasonably interfered with her work performance. *Finnegan*, 184 F. Supp. 2d at 463(dismissing complaint with no allegations of physical threats or interference

with work performance). Accordingly, Plaintiff's hostile work environment claim will be dismissed.

      6.   Section 1983--Equal Protection

Section 1983 provides a remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (2006).

Similar to her Title VII claims, Kalama alleges that she was treated differently than similarly situated African-American and Caucasian employees with respect to discipline and salary.

As stated above, Kalama's has sufficiently pled these claims. *See Causey v. Balog*, 162 F.3d 795, 804 (4th Cir. 1998) (federal constitutional claims brought pursuant to section 1983 are analyzed under Title VII proof scheme).[7]

      7.   Section 1983--Due Process

The Fourteenth Amendment restrains state governments from depriving any person of life, liberty, or property without due process of law. *See* U.S. Const. Amend. XIV.

Kalama alleges that she was terminated without either substantive or procedural due process.

      (a)   Substantive Due Process

Kalama contends that the Department denied her of the

---

[7] Kalama's claim under the Maryland Declaration of Rights also survives. *See Gray-Hopkins v. Prince George's County*, 163 F.Supp. 2d 571, 582 (D.D. 2001) (Article 24 is construed in *pari materia* with the Fourteenth Amendment).

"opportunity to pursue her occupation". *See* Opp. at 3.

The deprivation of occupational liberty rises to the level of a constitutionally protected right when a plaintiff is completely prevented from pursuing an occupation. *Greene v. McElroy*, 360 U.S. 474, 475-76 (1959) (revocation of security clearance which caused the plaintiff to lose his job and prevented him from securing future employment in his profession was actionable). Kalama's claim fails because she has not alleged that the Department interfered with her ability to pursue further employment. *See Wroblewski v. City of Washburn*, 965 F.2d 452, 455 (7th Cir. 1992) (City's alleged policy against hiring the plaintiff and its alleged bad faith dealings with the plaintiff which caused him to lose the lease on his marina and forced him to leave the state to obtain employment did not implicate the Fourteenth Amendment because the City's conduct did not exclude the plaintiff from an occupation).

(b)  Procedural Due Process

To establish a procedural due process claim, the Plaintiff must have an identifiable constitutionally protected interest. *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). Protected property interests in benefits such as continued employment are "created and their dimensions are defined by ...state law" *Id*. at 577. Unless, an employee has a property interest in her continued employment, due process is not implicated. *See Hudson v. Palmer*, 104 U.S. 517,534 (1984).

Kalama does not have a protected interest because the

contractual services agreement--governed by Title 13 of the State Personnel and Pensions Article of the Maryland Code--did not protect her against arbitrary dismissal. *See Demesme v. Montgomery County*, 63 F.Supp. 2d 678, 682 (D.D. 1999)(employee had a protected interest in employment where employment regulations protected employee from arbitrary dismissal). The agreement provided the Department with an unconditional right to terminate Kalama. *See* Mot. Dism. Ex. A at p.3. The Department was not obligated to conduct pre-disciplinary investigations before dismissing Kalama. *See* MD. CODE ANN., STATE PERS. & PENS. §11-106 (mandating pre-disciplinary investigations for employees), *compare with*, MD. CODE ANN., STATE PERS. & PENS. §13-101 ("State has the right to discharge contractual employees").

Accordingly, Kalama's due process claims will be dismissed.

8.   Article 49B-National Origin Discrimination

As Article 49B does not provide a private cause of action, Kalama's claim will be dismissed. *See Jordan v. CSX Intermodal Inc.*, 991 F.Supp. 754, 756 (D.D. 1998).

9.   Negligence

The Plaintiff alleges that the Department negligently hired, supervised, trained and retained Stagg and Spencer.

To establish this negligence claim, Kalama must allege that: (1) her injury was caused by the tortious conduct of a coworker, (2) the Department knew or should have known by the exercise of diligence and reasonable care that the coworker was

capable of inflicting harm of some type, (3) the Department failed to use proper care in hiring, supervising, training and retaining that employee, and that the employer's breach of its duty was the proximate cause of her injuries. *See Bryant v. Better Business Bureau*, 923 F. Supp. 720, 751 (D.D. 1996) (*quoting Evans v. Morsell*, 284 Md. 160, 165 (1978)).

Kalama's complaint simply alleges that the Department was negligent with respect to employing Stagg and Spencer. Accordingly, this claim will be dismissed.

10.  Breach of Contract

Kalama alleges that the Defendants' failure to conduct a pre-termination investigation was a breach of contract.

As stated above, the Defendants were not obligated to conduct such an inquiry.  Accordingly, this claim will be dismissed.

11.  Wrongful Discharge

A wrongful discharge action will lie only where a statutory remedy is not present. *Makovi v. Sherwin-Williams Co.*, 316 Md. 603, 605 (1989).  As Title VII and Section 1983 are available, Kalama's wrongful discharge claim will be dismissed.

CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss will be granted in part and denied in part.


March 13, 2006                              /s/
Date                                 William D. Quarles, Jr.
                                     United States District Judge